# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN J. FARR,<br><br>   Plaintiff,<br><br>  v.<br><br>MASSACHUSETTS DEPARTMENT OF REVENUE (Child Support Division),<br><br>   Defendant. | CIVIL ACTION<br>NO. 24-40153-MRG |

## ORDER
### January 29, 2025

**GUZMAN, D.J.**

  Steven J. Farr initiated this action by filing a *pro se* complaint against the Massachusetts Department of Revenue, Child Support Division ("DOR"), seeking monetary damages and injunctive relief barring the defendant from collecting child support payments. (ECF 1). With his complaint, Farr filed an Application to Proceed in District Court without Prepaying Fees or Costs (ECF 3) and an Emergency Motion for Preliminary Injunction and Temporary Restraining Order (ECF 4).

  By Order dated December 20, 2024, Farr was granted leave to proceed *in forma pauperis*. (ECF 5). Farr's emergency motion was denied and he was advised that the complaint is subject to dismissal because the complaint fails to allege any facts that could support a claim against the defendant. (ECF 5). *Id.* The Order stated that if he wished to proceed with this action, he must file an amended complaint that states a basis for this Court's jurisdiction and also states a plausible claim for relief. *Id.* The Order further stated that failure to comply with this directive by January 20, 2025, will result in dismissal of this action. *Id.* On December 20, 2024, Farr

filed a motion to expedite (ECF 7), however, it was not entered on the docket until December 23, 2024.

Twelve days before the expiration of the deadline, on January 8, 2025, Farr filed an "amended motion" which was entered on the docket as plaintiff's amended complaint. (ECF 8). Nine days after the expiration of the deadline, on January 29, 2025, Farr filed an "emergency motion for temporary protective order (TPO) and injunctive relief" seeking to enjoin the DOR as well as the Webster Police Department and DiRenzo Towing & Recovery. (ECF 9).

The factual allegations in the amended complaint (ECF 8) are in all relevant ways identical to the allegations in the original complaint. Although Farr has dropped his claim under Americans with Disabilities Act, he again asserts claims under 42 U.S.C. § 1983 and references the Veterans' Benefits Act, 28 U.S.C. § 5301.

To the extent Farr reasserts Section 1983 claims already raised in his original complaint and rejected, he again fails to state a claim because, among other things, such claims are asserted against a state agency which, among other things, is immune from suit. Similarly, Farr cannot support a Section 1983 action under the premise that DOR violated 38 U.S.C. § 5301. *Rose v. Rose*, 481 U.S. 619 (1987) (rejecting that Section 5301 applies to child support).

Based on the foregoing, and in accordance with the Court's Order dated December 20, 2024, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk shall terminate the pending motions and enter a final order of dismissal.

**So Ordered.**

> */s/ Margaret R. Guzman*
> MARGARET R. GUZMAN
> UNITED STATES DISTRICT JUDGE

Dated: January 29, 2025