## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **STEVEN J. FARR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION** |
| ) | **NO. 24-40153-MRG** |
| **MASSACHUSETTS DEPARTMENT OF** ) | |
| **REVENUE (Child Support Division),** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER
### March 17, 2025

**GUZMAN, D.J.**

Steven J. Farr initiated this action by filing a *pro se* complaint against the Massachusetts Department of Revenue, Child Support Division ("DOR"), seeking monetary damages and injunctive relief barring the defendant from collecting child support payments. (ECF 1). By Order dated December 20, 2024, the Court allowed Farr leave to proceed *in forma pauperis*, denied his motion for emergency relief and advised him that the complaint is subject to dismissal for failing to allege any facts that could support a claim against the defendant. (ECF 5).

Farr filed an amended complaint (ECF 8), which was dismissed on January 29, 2025, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim. (ECF 10). The following day, January 30, 2025, Farr filed the first of four motions seeking reconsideration of the dismissal pursuant to Rules 59(e) and 60(b). (ECF 12). On March 10, 2025, Farr filed a motion for extension of time to file a notice of appeal. (ECF 15). He also filed a motion to compel discovery (ECF 18) and motions to expedite (ECF 16, 19). Upon review of these motions, the Court ORDERS:

1.    Plaintiff's motions (ECF 12-14, 17) seeking reconsideration are DENIED.  As explained in the Court's earlier orders, the defendant, as a state agency, is immune from Farr's claims under 42 U.S.C. § 1983.  In addition, Farr cannot support a § 1983 action under the premise that the defendant violated 38 U.S.C. § 5301 because the United States Supreme Court rejected that §  5301 applies to child support. *See Rose v. Rose*, 481 U.S. 619 (1987).

2.    Plaintiff's motion (ECF 18) to compel discovery is DENIED as this action is now closed.

3.    Plaintiff's motion (ECF 15) seeking an extension of time to file a notice of appeal is ALLOWED.  Upon dismissal of this action on January 29, 2025, Farr had to adhere to the federal procedural rules regarding the deadlines for filing post-judgment motions. Fed. R. App. P. 4(a)(1)(A) requires parties to file a notice of appeal in most civil cases "within 30 days after entry of the judgment or order appealed from." Under Rule 4(a)(4)(A), however, the time to file an appeal will run "from the entry of the order disposing of the last" of specified "remaining motion[s]."   Such motions include a motion for relief filed under Rule 60 of the Federal Rules of Civil Procedure within 28 days of the entry of judgment, or a timely filed motion to alter or amend a judgment filed under Rule 59.   Here, Farr filed a timely motion for reconsideration and so the time to file an appeal does not begin to run until the district court enters judgment on the motion.  *See* Fed. R. App. P. 4(a)(4)(A)(iv) (Rule 59(e)); Fed. R. App. P. 4(a)(4)(A) (vi) (Rule 60).  **Farr has 14 days after the date of this Order to file a Notice of Appeal**.

4.    Plaintiff's motions (ECF 16, 19) to expedite are DENIED as MOOT.

5.    Under the federal *in forma pauperis* statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).  Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is demonstrated when a litigant seeks "appellate

review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous if "no reasonable person could suppose [it] to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Here, Farr's appeal is not taken in objective good faith. If Farr seeks to pursue *in forma pauperis* status on appeal, he must file a motion for leave to appeal *in forma pauperis* directly with the United States Court of Appeals for the First Circuit. *See* Fed. R. App. P. 24(a)(5).[1]

6.     Farr shall not file any further documents in this action except for a notice of appeal.

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: March 17, 2025

---

[1] Rule 24 of the Federal Rules of Appellate Procedure provides:

> A party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice [of the district court's order denying the motion to proceed *in forma pauperis*]. The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. App. P. 24(a)(5).